UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SALOMON ALALU,

       Plaintiff,

v.

HERCULES PRODUCTS, INC.,
RAFAEL DANIEL BENARROCH,
JACOB BENARROCH,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, SALOMON ALALU, brings this action against Defendants, HERCULES PRODUCTS, INC. and RAFAEL DANIEL BENARROCH, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff SALOMON ALALU was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication via telephone and email with customers in El Salvador, Guatemala, Costa Rica, Nicaraga, and Honduras.

4. At all times material hereto, Defendant, HERCULES PRODUCTS, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field

of automoative accessories, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, RAFAEL DANIEL BENARROCH, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, HERCULES PRODUCTS, INC., controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of HERCULES PRODUCTS, INC. Accordingly, RAFAEL DANIEL BENARROCH was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Defendant, JACOB BENARROCH, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, HERCULES PRODUCTS, INC., controlled Plaintiff's duties and compensation, and managed the operations of HERCULES PRODUCTS, INC. Accordingly, JACOB BENARROCH was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

8. Plaintiff SALOMON ALALU worked for Defendants in the job title of, "General Manager."

9. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

10. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

11. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## DEFENDANT HERCULES PRODUCTS, INC.

17. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

19. Plaintiff entered into oral contracts for wages with Defendant Hercules Products, Inc. including for regular wages, commissions, and bonuses as set forth in Exhibit A.

20. Defendant Hercules Products, Inc. promised Plaintiff 2% of Defendant's gross product sales per year.

21. Defendant Hercules Products, Inc. promised Plaintiff $10,000 annually as a "gesture bonus" for completing the year's employment and duties.

22. Defendant Hercules Products, Inc. promised Plaintiff 15% of Irago's gross profit annually.

23. Defendant Hercules Products, Inc. promised Plaintiff semi-monthly net regular wages of $1,933.75.

24. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under oral contracts for wages with Defendant Hercules Products, Inc.

25. Plaintiff have been damaged as a result of Defendant Hercules Products, Inc.'s failure to pay the agreed upon wages.

26. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant Hercules Products, Inc. for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

    Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791