EXHIBIT A

## SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT

This SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT (hereinafter "Agreement"), is entered into on 04 / 05 / 2021____, by and between Salomon Alalu (hereinafter referred to as "Plaintiff") and Hercules Products, Inc., Rafael Daniel Benarroch and Jacob Benarroch (hereinafter collectively referred to as "Defendants," which term shall also include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, and/or sole proprietorships, and their current or former owners, officers, directors, stockholders, members, partners, agents, representatives, attorneys, fiduciaries, administrators or employees, in both their individual and official capacities) (Plaintiff and Defendants will be collectively referred to as "the Parties").

### WITNESSETH:

WHEREAS, Plaintiff filed a civil action against Defendants in the United States District Court for the Southern District of Florida, to which case number 20-cv-23403-DPG was assigned (hereinafter referred to as the "civil action"), and in which Plaintiff alleged various claims under the Fair Labor Standards Act (FLSA) and for unpaid commissions, bonuses and other compensation.

WHEREAS, Defendants deny Plaintiff's claims;

WHEREAS, Plaintiff and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiff and Defendants have reached a full and final compromise and settlement of all matters, causes of action, claims and contentions between them; and

WHEREAS, Plaintiff acknowledges that any payment received pursuant to this Agreement constitutes consideration which he would not otherwise be entitled to receive from Defendants.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the parties as follows:

1.      Plaintiff agrees that within five (5) business days from his execution of this Agreement, he shall take all necessary actions to execute, serve and file all documents and pleadings necessary to dismiss the civil action with prejudice, including filing a Joint Motion for Approval.

2. Plaintiff, on behalf of himself, his heirs, executors, administrators, successors and assigns, and all persons who may have a cause of action through him, hereby unconditionally, irrevocably, completely and forever releases and discharges Defendants from any and all claims, causes of action and demands whatsoever, known or unknown, at law, in equity, or before any agency or commission of local, state, and federal governments, including but not limited to, claims based upon the Civil Rights Act of 1886, 1871, 1964, and 1991; 42 U.S.C. Section 1981; the Age Discrimination in Employment Act; the Fair Labor Standards Act; the Equal Pay Act; the Employee Retirement Income Security Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Worker Adjustment Retraining and Notification Act; the Occupational Safety and Health Act; the Consolidated Omnibus Budget Reconciliation Act; the Florida Civil Rights Act of 1992; the Florida Minimum Wage Act; Florida's Worker Compensation Statute; the Florida Whistle-Blower's Act; Sections 440.205 and 448.101-105, Florida Statutes and any other statutory, common law, or public policy claim, whether in tort (including without limitation any claim for assault, battery, intentional infliction of emotional distress, invasion of privacy, negligence, or negligent hiring, retention, or supervision) or contract; whether federal, state, or local; including attorney fees, costs, and expenses, to the effective date of this Agreement. Plaintiff expressly intends this release to reach to the maximum extent permitted by law. Plaintiff waives the rights and claims set forth above, and agrees not to institute, or have instituted, a lawsuit against Defendants based on any claims or rights. Defendants, on behalf of themselves, their heirs, executors, administrators, successors and assigns, and all persons who may have a cause of action through them, hereby unconditionally, irrevocably, completely and forever release and discharge Plaintiff from any and all claims, causes of action and demands whatsoever, known or unknown, at law, in equity, or before any agency or commission of local, state, and federal governments, including but not limited to, federal statutes, Florida Statutes and any other statutory, common law, or public policy claim, whether in tort (including without limitation any claim for assault, battery, intentional infliction of emotional distress, invasion of privacy, negligence, or negligent hiring, retention, or supervision) or contract; whether federal, state, or local; including attorney fees, costs, and expenses, to the effective date of this Agreement. Defendants expressly intend this release to reach to the maximum extent permitted by law. Defendants waive the rights and claims set forth above, and agree not to institute, or have instituted, a lawsuit against Plaintiff based on any claims or rights.

3. In full settlement of all claims, including attorney's fees and costs, Defendants will pay Plaintiff and his attorney the total sum of $35,640.00 as follows:

a. a check in the amount of $17,500.00 without any withholdings, for which a form 1099 shall issue, will be made payable to "Salomon Alalu". This sum is allocated in settlement of Plaintiff's claim in this action.

2

be made payable to "Koz Law P.A." This sum is allocated as Plaintiff's claim for attorney's fees and costs.

Defendants will forward the sums in (a), and (b) above to counsel for Plaintiff within ten (10) business days after emailed receipt of copies of: (i) this Agreement executed by Plaintiff; (ii) form W-9 completed and executed by Plaintiff; (iii) form W-9 completed and executed by Koz Law P.A.; and (iv) the expiration of the period in paragraph 8.f. below, provided Plaintiff does not revoke; or the Court's approval of this Agreement and dismissal of this action with prejudice, whichever is later. The Parties agree that it is the responsibility of Koz Law P.A. to disburse all sums owed to Plaintiff under this Agreement. The Parties agree that Plaintiff would not be entitled to this payment but for this Agreement.

4.      The parties are responsible for their respective tax liability properly incurred as a consequence of the payments made pursuant to this agreement.

5.      It is expressly understood by Plaintiff and his attorney that the obligations of Defendants contained in paragraph 3 shall be in lieu of any and all amounts to which Plaintiff or his attorney are now, or may become, entitled to, based upon any claim whatsoever arising out of his employment with Defendants or otherwise (including special, general or exemplary damages, attorney's fees, interest, expenses, and costs actually incurred).

6.      Plaintiff agrees not to make any application for employment at any time and/or in any capacity as an employee, temporary employee, independent contractor or consultant with Defendants. Plaintiff further waives and releases any right to be considered for such employment. Plaintiff further agrees that in the event he applies for employment with Plaintiff and is rejected for such employment, he will not file a charge or complaint with any agency and/or court based on, or alleging facts related to, events occurring prior to, and including, the date of the execution of this Agreement. The Parties agree and acknowledge that Plaintiff is not waiving claims or rights arising after the effective date of this Agreement, but that Plaintiff has contractually agreed not to apply for employment with Defendants in the future and this Agreement shall constitute a bar of any claim Plaintiff may have should Plaintiff apply for employment with Defendants in the future and not be hired.

7.      Plaintiff agrees that the terms of this Agreement and its underlying facts are confidential and that Plaintiff, his attorneys, accountants, agents, and/or spouse will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement, or its underlying facts, directly or indirectly, specifically or generally, verbally or in writing, to any person, business, organization, corporation, association, or governmental agency, except (a) to the extent necessary to report income to the IRS or other taxing authorities; (b) to his attorney(s), accountant(s), agent(s) or spouse; or (c) in response to requirements of law, court order or subpoena issued by a state or federal

  

3

court or governmental agency. Plaintiff shall advise his attorney(s), accountant(s), agent(s), and/or spouse of the confidentiality requirements of this Agreement and obtain their agreement not to disclose the terms of this Agreement and the foregoing agreement not to disclose shall be binding on Plaintiff, his attorney(s), accountant(s), agent(s), and/or spouse.

If Plaintiff is required to disclose the existence of this Agreement, its terms, or underlying facts pursuant to requirements of law, a court order or subpoena, Plaintiff shall immediately notify counsel for Defendant, Rodolfo Gomez, at FordHarrison, LLC, One S.E. 3rd Avenue, Suite 2130, Miami, FL 33131 within five (5) business days of Plaintiff's receipt of such notification, court order or subpoena and shall provide a copy of such notification, court order or subpoena via facsimile or overnight delivery.

No action of Defendants shall be taken as a waiver of its right to insist that Plaintiff abide by the non-disclosure terms of this Agreement. The parties further acknowledge that if Plaintiff is asked about the civil action, he may only respond that the "matter was amicably resolved," or that the "matter has been settled to the parties' mutual satisfaction," or other words to that effect. The Plaintiff acknowledges and agrees that under this paragraph he is specifically prohibited from initiating any communication, verbally or in writing, with any person, business, organization, corporation, association or governmental agency regarding the institution of the civil action against Defendants or the underlying facts in that action.

8.     Plaintiff specifically acknowledges that he:

a. is specifically releasing, among other claims, any claims under the Age Discrimination in Employment Act of 1967, and all amendments thereto;

b. is not waiving any rights or claims that may arise after the date the Agreement is executed;

c. is waiving his rights or claims in exchange for consideration the sufficiency of which is hereby acknowledged;

d. has been given at least twenty-one (21) full days within which to consider this Agreement;

e. has been advised through this Agreement to consult with an attorney prior to executing the Agreement and acknowledges the opportunity to consult an attorney; and

f. has seven (7) days following the execution of this Agreement to revoke this Agreement and this Agreement will not become effective or enforceable until after this seven (7) day period has expired. To revoke this Agreement, Plaintiff must advise Rodolfo Gomez, FordHarrison, 1 S.E. 3rd Avenue, Suite 2130, Miami, FL 33131 in writing of his election to revoke within the seven (7) day period.

       4

9.      In executing this Agreement the Parties do not rely and have not relied on any representation or statement made by the other party or by any of the other party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

10.     The Parties affirm that the terms stated in this Agreement are the only consideration for them to sign this Agreement, and no other promise or agreement of any kind has been made to or with them by any person or entity whomsoever to cause them to execute this Agreement.

11.     Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other to seek enforcement of such term, provision or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney fees and costs incurred in such proceeding. The proper and only venue for any action based upon any alleged breach of any term, provision, or obligation of this Agreement shall be in Miami-Dade County and Florida law will apply.

12.     Except for paragraph 3, should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be part of this Agreement. Paragraph 3 of this Agreement is material and shall not be severable nor modifiable.

13.     This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

14.     A waiver by either party of any provision of this Agreement shall not act as or be construed to be a waiver of any other provision hereof.

15.     No amendments or additions to this Agreement shall be binding unless in writing and signed by both Parties.

16.     Plaintiff agrees and certifies that he carefully read this Agreement, he thoroughly discussed all aspects of this Agreement with his attorney, he fully understands all the provisions of this Agreement, he is voluntarily signing this Agreement without intimidation, coercion, or pressure, and intends to be legally bound by this Agreement.

 

5

Doc ID: 8e708490da91dd08ddfa89746c77bfb59dfe4733

17.     This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes any previous agreement or arrangement between the Parties.

18.     The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

19.     The Parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph 3 is contingent upon the entry of an Order from the Court dismissing the civil action with prejudice.

20.     The Parties acknowledge that a consequence and condition of payments made pursuant paragraph 3 of this Agreement will be dismissal of Plaintiff's claims in the civil action with prejudice. Plaintiff cannot be left with both no money and no claims. Therefore, no breach of this agreement after approval by the Court and dismissal of Plaintiff's claims with prejudice shall be a basis or defense for Defendants' failure to pay pursuant to paragraph 3 of this Agreement. In the event of a breach of this agreement available remedies include enforcement of this Agreement, but not withholding payments pursuant to paragraph 3 of this Agreement.

21.     Defendants shall not provide any employment reference for SALOMON ALALU or further communicate with any third parties who may call to verify SALOMON ALALU's past employment.

IN TESTIMONY WHEREOF, the Parties hereto set their hands and seals the day and year written below.

**Salomon Alalu**

By: _____ 04 / 05 / 2021
Signature                    Date

Salomon Alalu

_____
Print Name

**Hercules Products, Inc.**

By: _____ 04/12/2021
Company Representative       Date

RAfAEL DANIEL Benarroch
Print Name

**Rafael Daniel Benarroch**

By: _____ 04/12/2021
Signature                    Date

RAfAel DANIEL Benarrocl
Print Name

**Jacob Benarroch**

By: _____ Oel-12-2021
Signature                    Date

JACOB BENARROCH.
Print Name

WSACTIVELLP:12164997.1

6

Doc ID: 8e708490da91dd08ddfa89746c77bfb59dfe4733